### HUTCHERSON v. SOVEREIGN CAMP, W. O. W.   (No. 8186.)

(Court of Civil Appeals of Texas.   Galveston. April 26, 1922.   Rehearing Denied May 18, 1922.)

**Insurance** ☞787—**Wife shooting husband in necessary self-defense cannot recover as his beneficiary on ground of accident.**

A wife who, in necessary self-defense, killed her husband could not recover as his beneficiary under a benefit certificate, which provided that it should be void if insured died at the hands of his beneficiary, "except by accident."

Appeal from District Court, Anderson County; W. R. Bishop, Judge.

Action by Gladys Hutcherson, for herself and as guardian of her minor children, against the Sovereign Camp of the Woodmen of the World. Judgment for defendant, and plaintiff appeals. Affirmed.

Seagler & Pickett, of Palestine, for appellant.

Campbell, Greenwood & Barton, of Palestine, for appellee.

GRAVES, J. This suit was brought by Mrs. Gladys Hutcherson for herself and as guardian of her two minor children, against the Sovereign Camp of the Woodmen of the World, an incorporated fraternal beneficiary association, to recover upon a benefit certificate issued by it to her husband and the father of the minors, Willie J. Hutcherson.

The cause was tried before the court below upon an agreed statement of facts, the pertinent portions of which are as follows:

"The application for the insurance, among other things, provided that 'all of the provisions

of the constitution and laws of the Society, now in force or that may hereafter be adopted, shall constitute the basis for, and form a part of any beneficiary certificate that should be executed by defendant to the insured'; that in consideration of the application and agreements therein contained, the defendant issued to Willie J. Hutcherson its beneficiary certificate No. 397,477 in the sum of fifteen hundred dollars if his death should occur during the second year of the life of said certificate; that the insured became a member in good standing of defendant's subsidiary camp at Palestine, Tex., as alleged, and that its beneficiary certificate, as aforesaid, was duly delivered to the insured and accepted by him, and that all dues and assessments required by the order had been paid by the insured; that the said Willie J. Hutcherson was in good standing in said order at the time of his death, and that he died during the second year of his membership.

"That the constitution and by-laws of defendant provide, and the certificate sued on herein contains, the following stipulation, to wit: 'If the member holding this certificate * * * should die * * * by the hands of the beneficiary or beneficiaries named herein, except by accident * * * this certificate shall be null and void and of no effect, and all moneys which shall have been paid, and all rights and benefits which have accrued on account of this certificate shall be absolutely forfeited without notice or service.'

"The constitution and by-laws of defendant, among other things, contain the following provisions:

" '* * * There shall be paid a sum not to exceed three thousand dollars ($3,000.00), to the person or persons named in his certificate as beneficiary or beneficiaries, which beneficiary or beneficiaries shall be his wife, children, adopted children, parents, brothers and sisters, or other blood relations, or to persons dependent upon the member.'

" 'In the event of the death of all the beneficiaries designated before the death of the member, if no new designation has been made, the benefits shall be paid to the surviving widow and surviving children of the member, share and share alike, provided such widow shall not be entitled to any benefits if she shall have been divorced; provided, further, that if there be no surviving widow, the surviving children, if any, shall be entitled to all of such benefits. * * *'

" 'If there be no person surviving the member who is a legal beneficiary as defined in this section, or if no claim for the benefits is made by any person or persons, within two years from the death of the member, then said benefits shall revert to the beneficiary fund of this society.'

" 'In the event that the benefits are made payable to the wife of the member and they be divorced from each other, and no new designation of beneficiary has been made, the benefits shall be payable as though the designated beneficiary had predeceased the member and no new beneficiary had been designated, as provided in this section.'

"That the insured, Willie J. Hutcherson, died on or about the 27th day of May, 1919; that he was killed by the plaintiff, Mrs. Gladys Hutcherson, the beneficiary named in said policy, under the following circumstances: On the morning of the day of the killing, plaintiff and insured had quarreled; that at noon of the same day they again had a family quarrel; that just after noon, while the plaintiff was sitting on the edge of a bed in one of the rooms of their home, she saw the insured coming up on the back porch, in anger, cursing and swearing, with an ax in his hand, holding the same by the handle at the place where the handle joins the ax; that after the insured got upon the porch he passed out of sight of plaintiff and next appeared in her view in the hall, just in front of the door leading into the room where plaintiff was sitting; that after insured got upon the back porch and during the time he was coming from there to the door leading into the room where plaintiff was, plaintiff reached under the pillow and got a pistol; that just as the insured appeared in front of said door and in view of plaintiff, still holding the ax in the same position in his hands, the plaintiff shot him with said pistol, and he fell to the floor of the hall and died immediately from the effect of said wound; that at that time the plaintiff believed that the insured intended to make an attack upon her, which, viewed from her standpoint, caused the plaintiff to have a reasonable expectation or fear of death or serious bodily injury, and, acting under such reasonable expectation or fear, the plaintiff shot the insured and thereby killed him; that the said Willie J. Hutcherson died intestate, and left surviving him his said wife, plaintiff herein, and only two children, namely, Sybyl and Mabel Hutcherson, both minors."

After entering judgment for the defendant, the trial court duly filed these conclusions of fact and law:

"First. The court finds the facts to be as shown in the agreed statement of facts.

"Second. That the holder of the certificate, Willie Hutcherson, died by the hands of the beneficiary, Gladys Hutcherson, acting in her own necessary self-defense, and not by accident, to which plaintiff excepts.

"Conclusions of Law.

"The insured having died by the hands of the beneficiary acting in her own self-defense, and not by accident under the constitution and by-laws of the defendant and the certificate sued on, the certificate is null and void and of no effect and the plaintiffs are not entitled to recover herein, to which plaintiff excepts."

Whatever may have been the trial court's actual view as to whose standpoint the question of whether or not the death occurred "by accident" within the meaning of the policy should be considered from, that is, the husband's or the wife's, we think both the findings and the facts on which they rest are susceptible of the construction that there was no accident as to the husband; and in our view that is the angle from whence the matter should be determined. By his own conduct the husband voluntarily brought about a situation that forced his wife in actual, or, as the court puts it, "necessary" self-defense to kill him; that such is put beyond the pale of speculation or uncertainty, since as matters

appeared to her in the circumstances given she undoubtedly had the right to act upon the reasonable apprehension of death or serious bodily injury at his hands, and the court's finding that such action was necessary to her defense is unattacked; the contract of insurance with the association was his own, he was the maker, and his beneficiaries had no interest of any sort unless and until the obligation of the insurer to him had become matured by his death; that obligation, by the express and plain terms of the policy, was a conditional one, contingent upon his not dying by the hands of his beneficiary "except by accident"; if therefore there was no accident in so far as he was concerned, the obligation never matured, and he left nothing to raise any issues on between the association and his beneficiaries. Surely the parties to such a contract could not have intended that the insured might be left free, through his own fault, to so bring on a difficulty with as to force one of his designated beneficiaries in necessary self-defense to kill him, and yet be considered as having carried out the agreement on his part so that the benefits would vest as stipulated.

Apparently the appellants themselves recognize the force of this consideration, because they seek to bring their situation within that line of authorities holding more or less generally and under varying states of fact that death may be regarded as the result of an accident or of accidental means where one person aggressively assaults another and is killed by that other while in self-defense repelling it, provided the circumstances show that the one so making the assault did not voluntarily assume the risk of or have reasonable ground to anticipate death to himself as a probable result of his attack, citing among others in support of their argument the Missouri case of Lovelace v. T. P. A., 126 Mo. 104, 28 S. W. 877, 30 L. R. A. 209, 47 Am. St. Rep. 638, and U. C. & S. Co. v. Harroll, 98 Tenn. 591, 40 S. W. 1080, 60 Am. St. Rep. 873, by the Supreme Court of Tennessee. This class of cases was referred to by this court in Georgia Casualty Co. v. Shaw (Tex. Civ. App.) 197 S. W. 316, but the facts there did not put that cause within it, the evidence being merely held sufficient to sustain a finding that the insured, Shaw, was not the aggressor.

Neither, as is implied from our preceding conclusion, do we think the unquestioned findings and agreed facts here bring this case under the operation of the rule applied in those appellants appeal to, but rather class it outside, in that it cannot be said that these circumstances show that Willie Hutcherson did not voluntarily assume the risk of or had no reasonable cause to anticipate his own death as a probable result of what he did; he was admittedly the aggressor, and at the very moment he was shot had, in anger, curs-

ing and swearing, and holding an ax in his hand, gone through both a porch and a hall to the inside of the house, where his wife was, and so had advanced to the open door of her room. If this action on his part necessarily required the wife in self-defense to kill him, how can it still be said, especially in view of the protracted character of the quarrel, and the naturally consequent anger of both parties, that he had no reasonable ground to expect her to appeal to the first law of nature, the right of self-preservation?

Under the conclusion indicated, no question of forfeiture arises, but merely one of enforcement of a contract as made by the parties to it (Greer v. Supreme Tribe of Ben Hur, 195 Mo. App. 336, 190 S. W. 72; Griffith v. Mutual Protective League, 200 Mo. App. 87, 205 S. W. 291); neither is the consideration applicable that it is the general underlying purpose of such provisions in life insurance policies to prevent the beneficiary from anticipating the contract by taking the life of the insured; nor still could the situation resulting be treated as analogous to instances of a failure of a designated beneficiary.

In our opinion the assignments of error should be overruled, and the judgment affirmed. That order has been entered.

Affirmed.