MARY B. McDADE et al., Appellants, v. MYSTIC WORKERS OF THE WORLD, Appellee.

**INSURANCE:** Rights to Proceeds—Beneficiary Causing Death. The statutory provision (Sec. 3386, Code Supp., 1913) that, in cases

where the beneficiary in a policy of insurance feloniously takes the life of the insured, the proceeds of the policy shall pass to the other heirs of the insured, has no application to a policy which provides that, in case of such killing, the policy shall be *"null and void and of no effect."*

*Appeal from Polk District Court.*—LESTER L. THOMPSON, Judge.

### NOVEMBER 13, 1923.

ACTION to recover indemnity under a certificate of life insurance issued by the defendant association. The court sustained a demurrer to plaintiffs' petition, and plaintiffs appeal.— *Affirmed.*

*Fred P. Carr,* for appellants.

*W. F. Riley,* for appellee.

FAVILLE, J.—Appellants' petition alleges that the appellants are the sole heirs at law of one Minnie Benjamin, deceased; that, on or about December 27, 1912, the said Minnie Benjamin became a member of the appellee beneficiary insurance corporation, being insured therein in the sum of $1,000, and the beneficiary named in the certificate of insurance being her husband, one Leonard T. Benjamin; that the said Minnie Benjamin died on the 15th of January, 1921, while a member in good standing in said society; and that she came to her death as the result of a felonious assault committed upon her by her husband, the beneficiary, who was afterward convicted of murder. The petition alleges that, by reason of Section 3386 of the Code Supplement of 1913, the said Leonard T. Benjamin, beneficiary, forfeited his rights to any and all benefits under said certificate, and that the appellants, as heirs of the assured, are entitled to the proceeds thereof. The certificate, which is attached to and made a part of the petition, contains the following provision respecting the beneficiary:

"* * * if his death shall occur in consequence of any violation or attempted violation of the laws of any state, territory, province or county in which he may be, or by the hands of his

beneficiary or beneficiaries (except by accident), or if his said application for membership or any part of it shall be found in any respect untrue, then this certificate shall be null and void and of no effect, and all moneys which have been paid and all rights and benefits which may have accrued on account of this certificate, shall be absolutely forfeited and this certificate becomes null and void.''

The demurrer challenges appellants' right to recover. The sole question in the case is whether or not recovery can be had on the certificate of insurance under the provisions of Section 3386 of the Code Supplement of 1913, notwithstanding the terms and provisions of the policy. Said section of the Code provides:

''* * * and no beneficiary of any policy of insurance or certificate of membership issued by any benevolent association or organization, payable upon the death or disability of any person, who in like manner takes or causes or procures to be taken the life upon which such policy or certificate is issued, or who causes or procures a disability of such person, shall take the proceeds of such policy or certificate; but in every instance mentioned in this section, all benefits that would accrue to any such person upon the death or disability of the person whose life is thus taken or who is thus disabled shall become subject to distribution among the other heirs of such deceased person, according to the foregoing rules of descent and distribution in case of death, and in case of disability the benefits thereunder shall be paid to the disabled person.''

It is the contention of appellants that the statute is mandatory, and that, under its provisions, where the beneficiary named in the certificate or policy of insurance takes the life of the insured, ''in every instance'' all benefits that would accrue to such person as beneficiary under the policy ''shall become subject to distribution among the other heirs of such deceased person, according to the foregoing rules of descent and distribution.''

If there were no limitations or provisions in the policy whatever, providing for the contingency where the beneficiary under the policy takes the life of the insured, the plain provisions of the statute would apply, and the heirs of the insured, except the beneficiary, would be entitled to receive the proceeds of the policy. Such is the clear purport of the statute, as ap-

plied to such a case. In the instant case, however, the policy by its terms provides for just such a contingency, and directs that the proceeds of the policy must be disposed of under the terms of the contract of insurance. It is clear that, under the terms of the policy, in the event that the life of the insured was taken by the beneficiary named in the policy, the certificate thereupon became "null and void and of no effect," and that "all moneys which have been paid and all rights and benefits which may have accrued on this certificate shall be absolutely forfeited."

We think it must be true that the terms of the statute refer only to a case where the policy itself is silent upon the subject. The statute was evidently meant to meet a situation where a policy of insurance is made payable to a beneficiary who takes the life of the insured, and where there is no provision whatever in the policy as to the disposition of the proceeds of the insurance. The contract of insurance in this case provides that in such contingency the proceeds of the policy of insurance and all moneys paid as premium are absolutely forfeited, and the contract becomes null and void.

Insurance companies doing business within the state of Iowa are creatures of the statute, and are subject to legislative control. Conceding, for the sake of the argument only, that the legislature could by statute provide for the disposal of the proceeds of an insurance policy in the event that the life of the insured was taken by the beneficiary, and that insurance companies doing business in this state could be prohibited by statute from making any contracts to the contrary, the legislature has not seen fit so to do. The statute does not purport to be any limitation upon the powers of insurance companies to contract for the disposition of the proceeds of a policy of insurance in the event that the life of the insured is taken by the beneficiary. As the statute now reads, we think it must be held to apply solely to a case where no contrary provisions are contained in the policy of insurance. If the legislature has power to limit the right of insurance companies to contract in this matter, it has not done so. If this provision in the policy were absolutely void, then the proceeds of the insurance certificate would pass, under the provisions of the statute, to the heirs of the insured. But

the parties have contracted otherwise. Such a contract is not prohibited by the statute, and such a contract is not necessarily void because of being contrary to public policy. The case, therefore, resolves itself into a situation where parties to the contract provided that, in the event of the death of the insured at the hands of the beneficiary named in the policy, the policy should become absolutely void and the payments made thereunder would be forfeited. Such a contract is not prohibited by statute, and it is not illegal as being against public policy. Therefore, there is no legal reason why it should not be enforced. Under the facts pleaded in the petition, the policy became absolutely void, and the rights and benefits that had accrued under it were forfeited. As bearing on the question, see *Grand Circle v. Rausch*, 24 Col. App. 304 (134 Pac. 141); *Greer v. Supreme Tribe of Ben Hur*, 195 Mo. App. 336 (190 S. W. 72).

We see no escape from the conclusion that appellants' petition fails to state a cause of action, and that the demurrer thereto was properly sustained. The judgment appealed from must be— *Affirmed.*

PRESTON, C. J., EVANS and ARTHUR, JJ., concur.