## POLISH NATIONAL ALLIANCE OF U S OF NORTH AMERICA v CROWLEY, etc, et

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10708. Decided May 12, 1930

John M. Pindras and Jesse Stevens, both of Cleveland, for Polish Alliance.

Clarke & Costello, Cleveland, for Crowley, etc, et.

SULLIVAN, J.

It is argued that the clause quoted is part and parcel of the contract of insurance as it is a clause from the constitution and by-laws of the plaintiff in error. There can be no question about this but the real question is whether, under this clause there is any stipulation that prevents the minor children or the estate from recovering the benefits of the insurance policy. There can be no question but that the clause noted, by contractual effect bars the beneficiary, the widow, but the provision ends there and the policy, so to speak, hangs in the air because there is no provision which voids or lapses the policy or makes any provisions whatsoever for the disbursements of the insurance fund, and certainly it cannot be claimed that the contract was made for the benefit of the plaintiff in error, inasmuch as the premiums that had been paid up to the time of the death of the insured were contributions to its property which formed a basis for the payment of the insurance fund under the stipulations of the policy. If the policy, through the by-laws or other stipulation, had incorporated a provision which rendered the policy void because of acts designed upon the life of decedent to secure the mortuary benefit then, of course, by contract the policy lapsed and then and thereupon became void as to not only the beneficiary but to all others, heirs or otherwise.

If there was a provision in the by-laws or by way of stipulation independent thereof that the policy would lapse upon the loss of life by a member of the plaintiff in error, by reason of murder, then under the contract the policy would lapse and no one would have any more right to recover the insuarnce but not because the beneficiary named in the policy could not recover but because of the mutual agreement, as insurance contracts are similar to any other and must be interpreted accordingly. However, upon the lapsing or the voiding of the policy the premiums paid ought to have been tendered but in the case at bar no such tender is claimed so that the status is that the plaintiff in error is voiding the policy without making the tender of the premiums.

We think that the instant case is in line with a former decision of this court in the case of **National Benefit Life Insurance Co. vs Davis, Admr.** published Sept. 30, 1929 in the Ohio Law Bulletin and Reporter, page 270, (7 Abs 477) and we quote therefrom as follows, for the purpose of showing the similarity in the record:

"The question then arises whether this policy becomes uncollectible because the sole beneficiary being in a position where she cannot collect, is to indirectly have the benefit of any part of this policy and the insurance. It might be that the policy had been carried for a great many years, and there have been a large amount of premiums paid on the policy, and manifestly it would be wrong to permit the insurance company to avoid payment and keep the premiums as they had been paid, for we assume that there was no provision in this policy which makes it void upon the felonious killing by the benficiary of the insured. It then must be a contract in force and it must be for the benefit of somebody. Manifestly it cannot be for the benefit of the insurance company. Its benefit came from its premiums and its liability to pay accrued upon the death of the insured, unless there be some reason why the policy became void.

Fortunately we are not left to conjecture upon this subject for the question has been decided many times."

Cooley on Insurance, 2nd Ed. Vol. 6, page 5229 is authority for the doctrine that the insurance liability in cases like the one at bar is not absolutely ended but holds that the policy will be enforced for the benefit of the heirs or estate of the insured.

In Joyce on "Insurance" Vol. 2, p. 1827, it is held that the beneficiary who feloniously kills the insured cannot take but that the policy may be enforced by the administrator on the theory of a resulting trust for the benefit of the estate. There are many other decisions of similar character.

In Schmitt Admr. vs Insurance Co. 51 L. R. A. 141, we cite the following which we think is applicable to the case at bar:

"Decedent's wife was the named beneficiary in his life insurance policy. After the issuance of the certificate, the wife feloniously caused the death of her husband, the insured. The deceased husband's administrator claimed the proceeds of the policy on behalf of the estate."

**Held:** "The wife cannot recover because it is contrary to public policy to allow her to enforce the claim. But public policy does not extend so as to defeat all claims on the policy. It is well settled law that when there has been no designation, or a designation of a person as beneficiary who dies before the insured, or an illegal designation, the insurance company holds the fund in trust for the benefit of the estate of the insured."

"Following this doctrine to its logical conclusion it seems to us that, when the beneficiary named is prohibited from taking because of her own wrong, a trust arises. This trust is created in favor of the insured's estate and takes effect by reason of the crime of the wife which destroys the trust in her favor. Insofar as she is concerned, the trust is destroyed by her crime, and in consequence a resulting trust in favor of the insured's estate is allowed. If the designation of a beneficiary is treated as a kin to a bequest, the same result follows: For a lapsed legacy descends to the heirs of the testator. The proposi-

tion follows the general principle that whenever property is produced by payments made by one, that are to be held in trust for another, and that trust fails or is satisfied, a resulting trust arises in favor of the party making the payments or his estate. The celebrated case of Cleavor vs Mutual etc., association, 1 Q. B. 147 is in point. It was there held that notwithstanding Mrs. Maybrick, who murdered her husband, was named as beneficiary in his insurance policy, and could not recover the proceeds, still the insurance money formed a part of the insured's estate, and could be recovered by his administrator."

Another section of the by-laws of the plaintiff, page 83, Article 4, Subsection (A) provides as follows:

"To whom payable: A motuary benefit after the deceased member shall only be paid to the family, legal beneficiaries, blood relations, affiant's wife, or affiant's husband, or to persons dependent upon the deceased member for support, incorporated public charitable institutions or equivalent institutions permitted by law, with the concurrence of the central government."

There is nothing in the above language that voids the contract but simply stops its non-payment to the beneficiary.

Sections 9393-9394 and 9467 GC have application to the question at bar but there is no language in any of these sections which is an inhibition against the insurance company paying the benefits to the minors of the beneficiary even though she herself is barred from recovery.

In 196 Iowa 857; 195 N. W. 603; 205 Mo Ap. 87; 205 S. W. 286, cited by counsel for plaintiff in error, these may be distinguished from the case at bar for the reason that the policy or by-laws in these cases contain provisions declaring void the policy upon the arising of certain contingencies. In the case at bar there is no provision in the insurance contract or the constitution and by-laws that declare the policy void or stipulating the loss of the premiums by their retention by plaintiff in error. We do not think that **Fillman vs Metropolitan Life Ins. Co. 82 Oh St 208** has any application to the instant case for the reason that it holds that a beneficiary, under circumstances like those at bar, cannot recover when the death is caused by an intentional and felonious act of the beneficiary. There is no contest upon this point in the instant case because it is conceded that the beneficiary under no circumstances can recover.

It is our judgment that unless otherwise provided by the by-laws or the policy, fraternal insurance policies do not lapse solely because the beneficiary caused the death of the insured, and in such a case it is our judgment that a resulting trust arises in favor of the dependents and under 9394 GC it appears to us that the guardian of the minor children has a legal foundation for the claim she makes in the record.

Holding these views the judgment of the lower court is hereby affirmed.

Vickery, PJ, concurs in judgment, Levine, J, not sitting.