OPINION
By STEVENS, J.
The petition filed in the Court of Common Pleas sought the termination of a testamentary trust, because it was claimed that the trust violated the rule against perpetuities (§10512-8 GO.
That section provides the following :
“No interest in real or personal property shall be good unless it must vest, if at all, not later than twenty-one years after a life or lives in being at the creation of the interest. All estates given in tail, by deed or will, in lands or tenements lying within this state, shall be and remain an absolute estate in fee simple to' the issue of *394 the first donee in tail. It is the intention by the adoption of this section to make effective in Ohio what is generally known as the common law rule against perpetuities.”
Item 3rd of the will in question is in these words:
“Item 3rd. I give and devise all the balance and residue of my estate both real and personal of every kind and description where-ever situated, to The Savings Deposit Bank & Trust Company of Elyria, Ohio, in trust for the following purposes and uses:
“First: I desire that the net income after paying all taxes, insurance, repairs and expenses of administration, shall be paid to my wife, Ella 3. Wurst, during her natural life in quarterly installments.
“Second: At the decease of my wife, Ella J. Wurst, I desire that one-half of the net income of my said estate shall be paid in quarterly installments to my son, Earl H. Wurst, during his natural life. At his decease the said one-half of the said net income shall be divided in equal parts between the children of my said son Earl H. Wurst, that may survive him or who may leave heirs, direct descendants of their body, until the youngest child of said Earl H. Wurst shall arrive at the age of ■thirty years. At the time when said youngest child shall have arrived at the age of thirty years, said trust company shall turn over to said children of said Earl H. Wurst, one-half of my said estate then remaining.
“Third: I desire that the other one-half of the net income of my said estate shall be paid in quarterly installments to my son Chas. 3. Wurst, during his natural life. At his' decease, if he leaves heirs, the direct issue of hife body, the said one-half of said net income, shall be divided between his said heirs, share and share alike, Until the youngest shall arrive at the age of thirty years. At the time when the youngest child shall have arrived at the age of thirty years, said trust company shall turn over to the children of said Chas. J. Wurst, one-half of my said estate then remaining.”
Ella J. Wurst, the wife mentioned in the foregoing provision of the will, predeceased the testator, and he thereafter married Anna G. Wurst, who, upon his death, elected to take according to law, and not under the provisions of said will.
Trial to the court resulted in a denial of the relief sought, and a dismissal of plaintiff’s petition.
The cause is before this court as an appeal on questions of law.
The consideration of a problem involving the applicability of the rule against perpetuities requires first the interpretation of the will or granting instrument, to ascertain what interests are granted, when such interests vest, whether classes of beneficiaries are determined, and whether conditions precedent or subsequent are expressed or should be implied.
The intention of the testator, if the question presented involves a testamentary grant, must, if possible, be determined from the terms of the instrument.
However, where the instrument is ambiguous and open to two or more possible constructions, that which accomplishes a valid disposition should be adopted.
After the granting instrument has been interpreted according to recognized rules of construction, *395 and its meaning determined, then the rule against perpetuities must be rigorously applied.
' The plaintiff, in brief and in argument, relies principally upon the case of Closset, et al., v Burtchaell, et al (Oregon), 230 Pac. 554.
The factual situation there presented is materially different from that under consideration in the instant case; the principal differience being that in the Closset case, .supra, the testator devised his .real and personal property to 'trustees for an absolute term of 25 years from the death of the testator, and then directed its distribution after the expiration of that period. In fixing the 25-year period, the testator did not avail himself of a life or lives in being at the time of his decease, as a means of extending the time beyond the 21-year period. Hence, the expressed period exceeded the 21-year limitation, and the grant was invalid as violative of the rule against perpetuities.
In the case under consideration, the testator did avail himself of lives in being at the time of his decease, and accordingly this case presents different questions than those considered in the Closset case, supra.
Under the wording of the will of this testator, what was his intention, as there expressed, concerning the vesting of the interests igranted by the will?
As stated by Fritch, J., the trial court, in his memorandum:
“To answer that question, the terms of the will must be examined and construed in the light of the applicable rules. The first rule that the court must consider and take into account was well stated by Justice Gray of the United States Supreme Court in the case of McArthur, et al., v Scott, et al., 113 U. S. 340, at p. 378:
“ ‘For many reasons, not the least of which are that testators usually have in mind the actual enjoyment rather than the technical ownership of their property, and that sound policy as well as practical convenience requires that titles should be vested at the earliest period, it has long been a settled rule of construction in the courts of England and America that estates, legal or equitable, given by will, should always be regarded as vesting immediately, unless the testator has by very clear words manifested an intention that they should be contingent upon a future event.’
“The trustee has the naked legal title for the uses and purposes stated in the will. Item 2 [paragraph second of Item 3rd] of the v/ill deals with the rights and interests of Earl H. Wurst and his children. As to them the trustee holds the legal title until the youngest child of Earl Wurst becomes thirty years of age, at which time distribution is to be made.
“Is the remainder devised to the children of Earl H. Wurst, who are the grandchildren of the testator, vested or contingent?
“According to the holding in McArthur, et al., v Scott, et al., supra, the children of Earl H. Wurst living at the death of the testator took equitable vested remainders, opening, if necessary, to let in those born after the testator’s death, and subject to be divested as to any of them as might be required by the terms of the will.
“This conclusion is supported by the opinion of the Supreme Court of this state in the case of Tax Commission v Oswald, Exr., et al., *396 109 Oh St 36; and Bailey v Stodronsky, et al., 57 Oh Ap 265; also the case of Camden Safe Deposit & Trust Co., Exr., v Scott, et al., de-, cided by the New Jersey court of Errors and Appeals, and reported in 110 A. L. R. 1442. Because of a similar factual situation, the first five propositions of the syllabus as reported in the latter case are applicable to the case at bar.
“On page 382 of the opinion in the case of McArthur v Scott, supra, the court says:
“Tn the case at bar, as the youngest grandchild must be in being in the lifetime of his parent, and that parent was born in the testator’s lifetime, the devise to the grandchildren, and even the devise over upon the arrival of the youngest grandchild at twenty-one years of age, to the children of any grandchild deceased before that time, must necessarily take effect, as to every devisee, within a life or lives in being and twenty-one years afterwards, and therefore do not violate the rule of the common law; and it is unnecessary to consider whether that rule is in force in Ohio.’
“The same statement may be made as to the instant case. The youngest child of Earl must be in being in the lifetime of Earl, and Earl was born in the lifetime of the testator. If Earl has another child, which turns out to be his youngest, that child will be vested at his birth with an equitable remainder. Possession will follow at thirty years of age if he lives until that age.
“Counsel for plaintiff in their brief seem to be disturbed by the fact that we cannot now say who will eventually receive possession and enjoyment of the remainder because of the possibility that all of the children and grandchildren of Earl Wurst may die before he dies.
“It is the court’s opinion that that problem need not cause any concern because of the vesting of the remainders at the death of the testator as above indicated. However, at pages 378 and 379 of the opinion in the case of McArthur y Scott, supra, the Supreme Court discusses the effect of a similar situation and its consequences under the terms of the will in that case.
“Item 3 [paragraph third of Item 3rd of the will] concerning Charles J. Wurst, is worded somewhat differently. But the word “heirs” in the fifth line of [paragraph third of] Item 3, when examined with the language following, must be held to be children; consequently the same conclusion follows here as in respect to Item 2 [paragraph second of Item 3rd].”
In view of the foreging, it is our opinion that the provisions of the will of the testator here under consideration do not violate the rule against perpetuities, and the judgment of the trial court will be affirmed.
Judgment affirmed.
WASHBURN, PJ., & DOYLE, J, concur. • _ .