**FIRST-CENTRAL TRUST CO., ETC., Plaintiff, v CLAFLIN ET AL, Defendants.**

Common Pleas, Summit County.

No. 156,738.   Decided 1947.

Slabaugh, Guinther, Jeter and Pflueger, Akron, for plaintiffs.

Charles Iden, and Brouse, McDowell, May, Bierce. & Wortman, Akron, for Claflin minors, defendants.

## OPINION

By EMMONS, J.

This is an action brought by the First-Central Trust Company of Akron, Ohio, for a declaratory judgment and for the construction of the last will and testament of Frederic Work.

The Court finds that Minor B. Claflin and his minor children, Patricia and Alan Beryl Claflin, were served personally according to law; that both Patricia and Alan Beryl Claflin, minors, have filed their answers through their guardian ad litem, and that Minor B. Claflin died prior to answer day and therefore no answer was filed on his behalf.

The Court further finds that the Bankers Trust Company, a foreign corporation, was served by personally serving Joseph S. Graydon, its qualified agent, and that the remaining four defendants, Effie Geer, aka Mrs. William G. Geer, Alice E. Wilcox, Virginia Norton and Bertram Work, Jr., being non-residents of the State of Ohio, and it being impossible to serve summons upon them in this State, were duly served by publication. The Court further finds that the Bankers Trust Company and the four non-resident defendants and Minor B. Claflin are in default for answer or demurrer.

The petition alleges that the plaintiff cannot proceed safely to perform its duties as fiduciary without direction from this Court, and accordingly prays the judgment of this Court as to the true construction of the will; that the duties of the said Bankers Trust Company and its rights, status and legal relation to said property may be declared by this Court to the end 'that the said Bankers Trust Company may perform its duties as so declared; that said Bankers Trust Company be required to appear to show to this Court the property and assets held by it for the benefit of Frederic Work at the time of his decease, and for a declaratory judgment as to any other questions or subjects which may be brought to the attention of this Court, including the following:

(1)    Whether said will incorporates by reference, or otherwise, the Trust Instrument signed by Frederic W. Work on June 22, 1925, as amended thereafter from time to time and last amended on June 27, 1945.

(2)    Whether said Will, with or without said Trust Instrument incorporated therein, operates as and is an exercise of the power of appointment granted to Frederic W. Work by Etta W. Work in the Indenture signed by her on January 14, 1914.

(3)    Whether, if said Will operates as an exercise of said power of appointment, dispositions attempted to be made thereby are—

(a) subject to the laws of the State of New York limiting the period of time during which vesting of title to personal property may be postponed to two lives in being at the time when Etta W. Work signed said Indenture, to-wit: on January 14, 1914: or

(b) are subject to the laws of Ohio as in force and effect at the time when Etta W. Work signed said Indenture on January 14, 1914: or

(c) are subject to the laws of Ohio in effect at the time of death of Frederic W. Work, to-wit: on August 28, 1945. The

laws of Ohio in such respect are those frequently spoken of as Rules against Perpetuities.

(4) Whether, if said Will operates as an exercise of the power of appointment under either or any of the laws foregoing, it is an effectual exercise of the power of appointment granted to Frederic W. Work, and extends to all or only part of the trust property which was held by Bankers Trust Company of New York for the benefit of Frederic W. Work at the date of his death.

(5) Whether the plaintiff, either as Executor of the Estate of Frederic W. Work, Deceased, or as Trustee under said Will or said Trust Instrument of June 22, 1925, as amended, is enabled to receive all or part of the trust property held by Bankers Trust Company for the benefit of Frederic W. Work at the time of his death, and whether said property shall be delivered to this plaintiff—

(a) as Executor of the Estate of Frederic W. Work, Deceased: or

(b) as Trustee of the Trust declared by him on June 22, 1925, as amended, for the benefit of said defendants, Minor B. Claflin, Patricia Claflin and Alan Beryl Claflin: or

(c) as Trustee of a Testamentary Trust created by the Will of Frederic W. Work, deceased, providing benefits for said Minor B. Claflin, Patricia Claflin and Alan Beryl Claflin.

(6) Whether the defendants, Effie Geer, Alice E. Wilcox, Bertram Work, Jr., and Virginia Norton (or some of them) as the next-of-kin of Etta W. Work, are entitled to distribution of any, all, or part of the trust property held by Bankers Trust Company for the benefit of Frederic W. Work at the time of his death, and whether said property shall be delivered and distributed to them.

Upon the trial of the cause being duly had, the Court finds the facts to be as follows: that Etta W. Work, a resident of Akron, signed a trust instrument on January 14th, 1914, naming as trustee therein the Bankers Trust Company, which signed said instrument on January the 16th, 1914, in New York City, N. Y. The deed recited and transferred to the trustee capital stock of the Pullman Company and $100,000 in cash. The Trustee agreed to receive and hold the property upon the conditions named in the trust deed.

The conditions of the trust deed required the trustee to pay all income to Etta W. Work during her life time and upon her death to divide the trust property into equal shares, one for each of her five children, and to pay the income from each share to the child for whom it was held during his or her life

time. A power of appointment was set forth permitting each child to transfer his share in such a manner as was directed by his or her last will and testament. The instrument further provided that if the power of appointment was not exercised or was not effectual, the share was to be distributed, under the laws of the State of Ohio, to such persons as would be entitled as distributees of the deceased child.

Etta W. Work had five children; two of them, Effie Geer and Alice E. Wilcox, are now living; two sons are deceased, leaving as descendants the defendants Virginia Norton and Bertram Work, Jr.; and a third son, Frederic W. Work, who died August 28, 1945, in Summit County, Ohio. Under the laws of the State of Ohio the first four named defendants would be distributees of Frederic W. Work's estate and his share of the Etta Work trust if the power of appointment were not effectually exercised.

Etta W. Work died several years ago, and from the date of her death the Bankers Trust Company has continued to hold the trust property and pay the income from a one-fifth equal share of it to Frederic Work during his life time.

The principal of the trust fund of the share held for the benefit of Frederic Work is invested in securities and chattels having a value of approximately $50,000, and such chattels are physically in the State of New York and the administration of them is conducted in the State of New York by the trustee, the Bankers Trust Company.

Frederic Work died testate and the last codicil to his will was executed on August 17th, 1945. The plaintiff herein is the executor of said will. In his said will Frederic Work left the rest and residue of his property to the plaintiff as trustee with a provision that it should be administered and distributed pursuant to a trust agreement which he, Frederic Work, made with the First Trust & Savings Bank on June 22, 1925. In the will he included in the residue "the corpus of a certain trust established by my mother, Etta W. Work, on or about January the 14th, 1914, with the Bankers Trust Company of New York City," thus making specific reference to that property as being a part of the residue and remainder going to the plaintiff as trustee.

Pursuant to the will, the plaintiff, as trustee, is to receive property and assets owned by Frederic Work during his life time and is to hold and distribute them according to the terms of the trust agreement made on June 22nd, 1925, and amended thereafter.

If the power of appointment attempted to be exercised in the will was effectual, Frederic Work's share of the corpus of the trust established by Etta Work would be included in the rest and residue passing to the plaintiff as trustee.

The trust agreement was made on June 22nd, 1925, and was amended many times thereafter, the last amendment being made on June the 27th, 1945. The trust agreement as amended was in existence at the time of the execution of the last codicil of the will and was, accordingly, incorporated by reference in the will, and said trust agreement has been deposited in the Probate Court of Summit County as a part of the probate proceedings.

The Frederic Work trust agreement as finally amended requires the plaintiff, as trustee, to hold the rest and residue of Frederic Work's property during the life time of one Minor B. Claflin, one of the defendants herein, with directions to pay specific sums monthly to him. Upon his death the trustee is directed to divide the remaining assets into equal parts and to hold one part for each of the two children of Minor B. Claflin, towit: the defendants Patricia and Alan Beryl Claflin, and until each of said minors attains the age of twenty-one the trustee is directed to pay $300 a month to their guardians, thereafter the trustee is directed to pay $300 a month to each of them, said payments to be made out of the income if possible, and if not from said income then from said corpus. When each child has reached the age of thirty-five years the trustee is directed to pay, turn over and deliver one-half of the corpus held for him or her, and thereafter when each child reaches the age of forty years the trustee is directed to turn over and deliver the remaining one-half of said corpus. Any income not paid to the children is to be accumulated.

By the trust agreement provision is made for distribution in the event of the death of either of the two children before final distribution. If either dies unmarried and without issue then the survivor takes the part which would have gone to the deceased child, and if either of them dies leaving a spouse or issue, then the part for that child is to be paid, turned over and delivered to the spouse and issue, if any, of the said child. Further provision is made for distribution in the event of the death of both children before final distribution, and that is if both die without leaving surviving spouse or issue the trustee is directed to make final distribution "to my next of kin in accordance with the then intestate laws of the State of Ohio."

Etta Work, Frederic Work and Minor Claflin were living persons at the time of the execution of Etta Work's trust deed

on January 14, 1914; Patricia and Alan Béryl Claflin were not then living. Minor Claflin was a living person at the time of the decease of Frederic Work, and Minor's two children, Patricia and Alan Beryl, were also living persons, being then fifteen and eleven years of age, respectively. Minor Claflin died approximately six months after the death of Frederic Work.

The first question for the Court's consideration is whether said will incorporates by reference or otherwise the said instrument signed by Frederic W. Work on June the 22nd, 1925, as amended thereafter from time to time and last amended on June the 27th, 1945.

Sec. 10504-4 GC provides in part:

"'A document, book, record or memorandum in actual existence may, by reference, be incorporated in a will, if referred to as being actually in existence at the time the will was executed."

Page on Wills, second edition, Vol. 1, page 418, paragraph 243 provides:

"In order to incorporate a document into a will by reference the following requisites must exist:

1. The will itself must refer to such paper to be incorporated as being in existence at the time of the execution of the will in such a way as reasonably to identify such paper in the will, and in such a way as to show the testator's intention to incorporate such instrument in his will and to make it a part thereof.

2. Such document must be in existence at the time of the execution of the will.

3. Such document must correspond to the description thereof in the will and must be shown to be the instrument therein referred to.

The absence of any of the prerequisites will prevent such incorporation."

Sec. 10504-1 GC defines the word "will" to include codicils. 21 Abs 432, Shawan v The City Bank Farmers Trust Company:

"Where a will referred to a revocable trust last amended prior to the execution of the will, was found to have been effectively incorporated in the will."

Item 5 of the last will and testament of Frederic W. Work is as follows:

"All the rest and residue of my property, of every kind and character and wheresoever situated, which I may own or have the right to dispose of at the time of my decease, and especially the corpus of a certain trust established by my mother, Etta W. Work, on or about January the 14th, 1914, with the Bankers Trust Company of New York City, and excepting **certain property otherwise disposed of under the terms and provisions of a certain trust agreement entered into with the First Trust & Savings Bank on June 22, 1925, and amendments thereto, shall be administered and distributed pursuant to the provisions in said trust agreement and amendments thereto relating to the disposition of the corpus of my trust estate upon my decease.**"

By reading the underlined part of Item 5 of the last will and testament of Frederic Work it is obvious that the will did specifically refer to the trust agreement of June the 22nd, 1925, and amendments thereto, and that it was the intention of the testator to incorporate such trust instrument in his said will. The will was dated August 16, 1941, whereas the trust agreement referred to was dated June 22, 1925, and in the last codicil of the will, dated August 17, 1945, the entire will was reaffirmed as of that date, subject to the amendment by the last codicil.

The latest amendment to the trust instrument was June 27, 1945, and this amendment reaffirmed the entire trust as of that date with all amendments thereto. The reaffirmation of the trust agreement as last amended June the 27, 1945, was made before the reaffirmation of the last will and testament by codicil on August 17, 1945, and therefore, this trust agreement as last amended was in existence before the last amendment to the will and the reaffirmation of the same, both by codicil.

The description in the will corresponds to the document in question, and the instrument referred to was, without doubt, the trust agreement dated June the 22nd, 1925, together with the amendments thereto.

The Court finds that the last will and testament of Frederic Work did incorporate by reference the trust agreement signed by the said Work on June the 22nd, 1925, and as amended thereafter from time to time, and last amended on June the 27th, 1945.

The second question is as follows: whether said will, with or without said trust instrument incorporated therein, oper-

ates as and is an exercise of the power of appointment granted to Frederic Work by Etta Work in the indenture signed by her on January 14th, 1914.

This indenture of trust, in substance, was that the Bankers Trust Company shall pay the net income from the trust property to Etta Work during her life time, and upon her death divide the trust property into five equal parts, paying the income upon each equal part to the child for whom it was held during the life time of said child, and that upon the death of said child the trustee shall convey, transfer and pay over the securities and properties then constituting the principal of the share of the child so dying **to such person, persons or corporations, and in such manner as said child shall direct by his or her duly executed and probated last will and testament.** (Emphasizing the Court's.)

49 Corpus Juris, 1250 paragraph 6:

"Unless otherwise defined by statute a power is said to be general when it is exercisable in favor of any person the donee may select, and special, limited or particular when it is exercisable only in favor of persons, or a class of persons, designated or described in the instrument creating the power."

304 Pennsylvania 288, Lyon v Alexander. In this case a general power to appoint by will was given. The donee of the power prior to her death granted the appointive property by deed, and it was held that such deed was a valid transfer of the property. The Court said:

"If the donee of a general power may appoint to his own estate, or to anyone in the world, no individual is wronged by what he may do, and therefore no individual can complain, but this is not true as concerns a special power."

Etta Work gave Frederic Work the right to exercise a general power of appointment by will only and not otherwise, however, since the trust agreement was incorporated in the last will and testament of Frederic Work it becomes a part of the will, and said will, therefore, is a valid exercise of the power of appointment.

The donee of the power, Frederic Work, could have elected to have done nothing about the power of appointment as concerned his share of the corpus of his mother's trust and it would have reverted to the next of kin of the donor. But in this instance, where the donor placed a general power of ap-

pointment in the donee, and the donee exercises that power in conformity with the trust instrument, he has accepted the gift and it becomes his property to dispose of as he sees fit, which in this instance was done.

It will be noted that the will of Frederic Work, in exercising the power of appointment, injects the life estate of Minor Claflin into the Etta Work living trust with a remainder over to the minor children of Claflin, towit: Patricia and Alan Beryl, and therefore the Etta Work trust is one creating a life estate for Etta Work, then a life estate to Frederic Work, followed by another life estate in Minor Claflin with the remainder over to Patricia and Alan Beryl Claflin. All the life tenants were in being at the creation of the trust.

In re Warrens Estate, 320 Pennsylvania 112:

"It should be noted that it matters not how many lives there may be, 'so that the candles are all burning at the same time,' for the longest liver is a single life."

The Court finds that the said will with the said trust instrument incorporated therein operates as, and is, an exercise of the power of appointment granted to Frederic Work by Etta W. Work in the indenture signed by her as of January 14th, 1914.

The third question is whether if said will operates as an exercise of said power of appointment, dispositions attempted to be made thereby are, (a) subject to the laws of the State of New York limiting the period of time during which vesting of title to personal property may be postponed to two lives in being at the time when Etta Work signed said indenture, towit: on January 14th, 1914; or (b) are subject to the laws of Ohio as in force and effect at the time when Etta Work signed said indenture on January 14th, 1914; or (c) are subject to the laws of Ohio in effect at the time of the death of Frederic Work, towit: on August 28th, 1945. The laws of Ohio in such respect are those frequently spoken of as the rules against perpetuities.

Should the New York or Ohio law govern defining the rights of parties of the Etta Work trust?

It was clearly the intention of Etta Work that the Ohio law should govern. She stated in her indenture of trust that her residence was in Ohio; that if her children failed to exercise their power of appointment then the gift over should go to the next of kin of the settlor under the laws of the State of Ohio; and the entire tenth article of the trust instrument

sets forth the fact that she was a resident of Ohio at the execution and delivery of the trust agreement. Etta Work had her domicile in Ohio before the date of signing the trust agreement up until the time she died.

It is true that New York was mentioned as the residence of the trustee; that its fees were to be paid according to New York law. And this is rightfully so, for the trustee, being a New York concern, is more familiar with New York law, but the Ohio law governs the interpretation and validity of the trust agreement since, from the conduct of Etta Work and her expressions, it was her intention that the law of Ohio should govern.

**Lozier v Lozier, 99 Oh St 254,** is a case where a resident of Cleveland, Ohio, executed her will in New York, setting up a testamentary trust, naming a New York resident as trustee. Testatrix died and her will was probated in Ohio. A certain provision of the trust was proper in Ohio but not in New York. The Supreme Court of Ohio held that the Ohio law governs since the trustees were selected for reasons of trust and not geography.

The Court further finds that the law of August 28th, 1945, should prevail in determining the rights of the parties, for up until the death of Frederic Work he could still have exercised his power of appointment in the Etta Work trust instrument by changing the beneficiaries. So the law which defines the rights of the parties to take is the law as it existed at the time of the death of Frederick Work, which law is known as the Rule against Perpetuities, and set forth in §10512-8 GC, which provides:

"No interest in real or personal property shall be good unless it must vest, if at all, not later than twenty-one years after a life or lives in being at the creation of the interest. All estates given in tail, by deed or will, in lands or tenements lying within this state, shall be and remain an absolute estate in fee simple to the issue of the first donee in tail."

By the adoption of this section it is the intention to make effective in Ohio what is generally known as the common law rule against perpetuities.

The question here to be decided is set forth in the brief of Attorney Robert Guinther:

First. Do the terms of the Frederic Work trust agreement postpone the time of vesting of interests in Patricia and Alan Beryl Claflin until they are thirty-five and forty years old?

Second. Do they vest such interests in Patricia and Alan Claflin at the time of the death of their parent, subject to being divested upon the happening of a condition subsequent?

Ohio favors the vesting of estates to the extent that the law looks with favor upon a vested remainder subject to being divested by a condition subsequent, and will, wherever possible, interpret the remainder to be subject to a condition subsequent and vesting, rather than subject to a condition precedent and being thereby a contingent remainder.

In Camden Safe Deposit & Trust Co. v. Scott, 189 A. 653, the testator by will gave the residue of his estate to trustees to pay the income to daughters for life, and upon the death of a daughter to divide her share into as many shares as she was survived by issue, and to hold such shares until the grandchildren arrived at the age of thirty years, at which time they were to receive the principal. The grandchildren were to receive the income between the ages of twenty-one and thirty. **The trust also provided for a gift over to other grandchildren upon the death of one.**

It would be observed in this case that there was a possibility of grandchildren being born after the death of the testator, or, in other words, after the creation of the trust. It will also be observed that as to those grandchildren they will not receive the income or principal until more than twenty-one years after a life in being.

The Court observed that all of the beneficiaries must be born within lives in being, since they necessarily must be children of lives in being. The Court further noted that the testator provided in his will:

"that upon the death of my said daughters I direct my trustee to divide the trust fund into equal shares, one for each child of the daughters."

The Court held that this showed an intention of the testator that each child's share was given to him absolutely upon the death of his parent, and that, therefore, each child at its birth had a vested remainder and that it was merely the enjoyment of the property which was postponed beyond the proper period.

In the Guarantee Trust Co. v. Lotz, 181 A. 645, the testator left his property to trustees upon the following trusts: (1) to pay the income to his widow for life; (2) upon the widow's death to pay the income to his daughter for life; (3) upon the

42

death of the daughter to divide the corpus among his then living grandchildren, share and share alike, with directions to the trustees to retain such share until the grandchild attained the age of twenty-eight years. The Court held that upon the death of the second life tenant the share of each grandchild vested, and that since the rule against perpetuities was a rule concerning the vesting of estates rather than the enjoyment, that it had not been violated.

It will be noted that the two aforementioned cases are cases arising in New Jersey, which has a similar law as does the State of Ohio, and which law is known as the Rule Against Perpetuities, and the same is true in the State of Connecticut.

By the trust agreement incorporated in the will immediately upon the death of the life tenant the property going to Patricia and Alan Claflin was divided into two equal parts, with one part going to each child of Minor Claflin, and from the accumulation thereof the guardian of each child received the sum of $300 per month until each child reached its twenty-first birthday, then each child is to receive $300 per month until he or she arrived at the age of thirty-five years, at which time they are to receive one-half of his or her respective share of the corpus, and also to receive $300 per month until the age of forty, when the two children of Minor Claflin receive the remainder of the share of Frederic Work in the corpus of his mother's trust.

It will be noted that in the trust instrument of Frederic Work, which is incorporated in his will, it provided that the trust property should be divided into two equal parts, which fact confirmed the intention of the said Frederic Work that the property should vest upon his death.

Immediately upon the death of Frederic Work, the donee of the power, and who had effectively exercised his power of appointment, Patricia and Alan Claflin each became vested with one-half of the remainder of the property so appointed, subject to the life estate of Minor Claflin, their father.

The vesting was not subject to a contingency or condition. It is true the right to the possession and perhaps the full enjoyment of the corpus was postponed, but the title to one-half of the corpus vested in each minor child subject to being divested upon the death of said children. They, therefore, became the vested remaindermen, and being such, the rule against perpetuities does not attach, whereas, had there been a condition precedent to the vesting of the corpus theirs would have been a contingent remainder, and the statute against perpetuities would have prevailed.

Thus, at the passing of Fred Work the interest of the children of Minor Claflin vested in their respective shares of the corpus, contingent upon no preceding conditions but subject to a condition subsequent.

In other words, the interest of Patricia and Alan Claflin vested immediately upon the death of Frederic Work, subject to the life estate of their father, and further subject to being divested only upon the happening of a condition subsequent.

The donee of the power, Frederic Work, indicated clearly that he had no intention of his next of kin having any interest whatsoever in the remainder of his estate unless and until Patricia and Alan Claflin should die being survived by neither spouse nor issue.

**109 Oh St page 36:**

"It is rudimentary in the construction of wills that the intention of the testator is to be ascertained and the whole will given force and effect, if such construction can be reached consistent with the application of legal principles, and that when an instrument is open to two constructions, one of which will give effect to the whole instrument and the other destroy part of it, the former must always be adopted."

36 Fed. 2d, page 13, is a case where the testator left a life estate to his wife, then to the trustees to pay an income to his son until he arrived at the ages of thirty, thirty-five and forty, at which times the son was to receive one-third of the corpus with the remainder over to the issue of the son, and an inferred remainder to the next of kin of the testator. The life tenant died while the son was over thirty, and he therefore received one-third of the corpus immediately, and surviving sufficiently long to receive the other two-thirds thereafter. The recipient of the corpus sold this property. The question presented was whether the taxes should be based on the value of the property at the time of the testator's death or at the time of the life tenant's death or at the date of the receipt by the son. Held: that the son's interest vested as of the death of the testator, and that the payment to the son had only been postponed, and that the gift over was subject to being divested only by death prior to receiving all the payments.

**16 O. Jur. 468, sec. 92:**

"A remainder which is otherwise vested is none the less vested because it is liable to be devested by a subsequent event, nor is it made contingent by the fact that the interest

of the remainderman may be devested by his death before the death of the life tenant. There is a clear distinction between contingent estates which may vest and vested estates which may be defeated upon the happening of a future event. In Ohio vested remainders are not infrequently subject to devesting contingencies."

In Tripp v Banking Co., 131 A. 162, decided in the court of chancellery of New Jersey in 1925, the testator gave a portion of his property to his children for life, and at his death to the trustees for the benefit of the issue of his children. At the time of the testator's death he had children living, some of whom had issue, and the Court stated that it could not presume that those children would not have more issue following the death of the testator. The trustee was given a discretion as to the payment of income to the beneficiaries until they arrived at the age of twenty-one, thence, the trustee was directed to pay the income to each child from his respective share until he arrived at the age of twenty-five, at which time he was to receive the principal. Therefore, it would seem that there was a possibility at the creation of the trust that certain beneficiaries would not receive payment of income or corpus until after a life in being plus twenty-one years. The will also provided for divestment and gifts over in the event of the death of a beneficiary. **The Court held that the gift vested in the grandchildren immediately upon the death of their parent, and that the enjoyment of the income was postponed.** The Court further held that if an estate vests within the prescribed period, the postponement of the time of enjoyment on the lives in being and twenty-one years thereafter does not contravene the ruling against perpetuities.

In Shepherd v Union & New Haven Trust Co., 138 A. 809, decided in the Supreme Court of Connecticut, the testator left his estate to a daughter for life with the remainder over to his grandchildren in trust, provided that each grandchild should receive one-half of his share at the age of thirty and one-half at the age of fifty. This bequest was interpreted as meaning that a class of remaindermen could be open to admit new members of the class. Therefore, it can be seen that in the event of children born after the testator, that the payment of the funds to the beneficiary would be postponed for more than a life in being plus twenty-one years. The Court held:

"The postponement of the enjoyment of one-half of his share as each grandchild reaches the age of thirty, and of

the other half when he reaches the age of fifty, did not postpone the vesting in right but merely that in enjoyment."

The Court also held that the estate vested in the children at the death of the testator subject to reopening for admission of new members of the class, and that since the right of enjoyment alone was postponed the gift would not contravene the rule against perpetuities.

In Hill v Birmingham, 131 Connecticut 174, the testator bequeathed certain property to his widow for life with remainder to his grandchildren, the grandchildren to receive the benefit of the income until the youngest should reach the age of twenty-five, at which time they were to receive the corpus equally divided. The Court ruled that the fact that the testator's grandchildren could not enjoy the principal of the gift until the youngest became twenty-five years of age would not postpone the vesting of the right to receive it as respects the application of the rule against perpetuities.

In **Wurst v Safe Deposit Bank & Trust Co., 37 Abs 393,** decided by the Court of Appeals, Judge Stevens affirmed a decision by Judge Fritch, formerly of the Common Pleas Court of Summit County, Ohio. The testator devised and bequeathed certain property in trust for the use and benefit of his wife for life. At the death of the wife the testator provided that one-half of the net income of the estate should be divided in equal parts between the children of the said son, until the youngest child should arrive at the age of thirty years, at which time the trustee was to pay to these grandchildren one-half of the estate. The income and corpus of the other half of the estate was left upon similar terms to another son and to the grandchildren by this son. Judge Stevens quotes at length from a finding prepared by Judge Fritch in the trial court, which is as follows:

"For many reasons, not the least of which are that testators usually have in mind the actual enjoyment rather than the technical ownership of their property, and that sound policy as well as practical convenience require that titles should be vested at the earliest period, it has long been a settled rule of construction in the courts of England and America that estates, legal or equitable, given by will, should always be regarded as vesting immediately, unless the testator has by very clear words manifested an intention that they should be contingent upon a future event."

The Court held that the grandchildren took a vested interest in the estate upon the death of their parent, which vesting was therefore within the period of the rule against perpetuities even though the enjoyment of the estate was postponed for thirty years thereafter.

131 A. L. R. page 74:

"Broadly speaking, however, the distinction between contingent estates and an estate vested subject to defeasance appears to be this: if the condition on which the estate depends is precedent the estate is contingent, if subsequent it is vested subject to defeasance."

109 A. L. R. 137:

"If the conditional element is incorporated into the description of or into the gift to the remainderman, then the remainder is contingent, but if after words giving a vested interest a clause is added divesting it, the remainder is vested."

Therefore, it is the finding of the Court that the next of kin of the donee of the power would have a contingent remainder, for the vesting of the estate clearly depends upon a condition precedent, whereas, the children of Minor Claflin have a vested remainder subject to being divested, and being so the rule against perpetuities is not contravened.

Question No. 4 is as follows: whether, if said will operates as an exercise of the power of appointment under either or any of the laws foregoing, it is an effectual exercise of the power of appointment granted to Frederic Work and extends to all or only part of the trust property which was held by Bankers Trust Company of New York for the benefit of Frederic Work at the date of his death.

Since it is the Court's finding that the will operates as an exercise of the power of appointment, and that such a will was an effectual exercise of that power granted to Frederic Work by Etta Work in her trust indenture, and since the Court has further found that the entire of Frederic Work's share of the corpus of the Etta Work trust vested in the children of Minor Claflin upon Frederic Work's death, Patricia and Alan Beryl Claflin became the vested remaindermen of all of the trust property held by the Bankers Trust Company of New York for the benefit of Frederic Work at the date of his death.

Question No. 5 is as follows: whether the plaintiff, either as executor of the estate of Frederic Work deceased, or as

trustee under said will or said trust instrument of June 22nd, 1925, as amended, is unable to receive all or part of the trust property held by the Bankers Trust Company for the benefit of Frederic Work at the time of his death, and whether said property shall be delivered to this plaintiff: (a) as executor of the estate of Frederic Work, deceased; or (b) as trustee of the trust declared by him on June 22nd, 1925, as amended, for the benefit of said defendants, Minor Claflin, Patricia Claflin and Alan Beryl Claflin; or (c) as trustee of a testamentary trust created by the will of Frederic Work, deceased, providing benefits for said Minor B. Claflin, Patricia and Alan Beryl Claflin.

Part of Item 5 of the last will and testament of Frederic Work provides:

"and especially the corpus of a certain trust established by my mother, Etta Work, on or about January 14th, 1914, with the Bankers Trust Company of New York City, shall be administered and distributed pursuant to the provisions of said trust agreement and amendments thereto relating to the disposition of the corpus of my estate upon my decease."

From a perusal of this item, which is the only part of the will that refers to the trust of Etta Work, the Court finds that the intention of the testator, Frederic Work, to make a testamentary trust and that the corpus of the Etta Work trust belonging to the testator, Frederic Work, be paid directly to the trustee of the testamentary trust, said trustee being the First Central Trust Company of Akron, Ohio, the plaintiff herein.

The only remaining question for the Court's determination is in the construction of the will, as to whether the corpus of the Etta Work trust be administered as a separate trust or whether it be added to the corpus of Frederic Work's trust of June 22nd, 1925, as amended, and administered as one fund by the trustee, the said plaintiff herein.

In Item 5 of the said Frederic Work will he expressed his intention that his share of the corpus of the Etta Work trust be administered and distributed **pursuant** to the trust agreement of June 22nd, 1925, as amended.

"Pursuant" is defined as: "Agreeably to or in conformity with." It means in a similar manner or by like methods.

The intention here expressed by the testator, taking the definition of the word "pursuant" into consideration, was that the trust of June 22nd, 1925, as amended, be administered by the First Central Trust Company as trustee according to the

terms of that trust, and that the testator's share of the corpus of the Etta Work trust be administered as a separate trust by the First Central Trust Company as testamentary trustee, according, however, to the manner of the administration and distribution of the testator's trust of June 22nd, 1925, as amended.

Question No. 6: whether the defendants, Effie Geer, Alice E. Wilcox, Bertram Work, Jr., and Virginia Norton, (or some of them) as next of kin of Etta Work, are entitled to distribution in any, all or part of the trust property held by the Bankers Trust Company for the benefit of Frederic W. Work at the time of his death, and whether said property shall be delivered or distributed to them.

Since the Court has found that Frederic Work has effectually exercised his power of appointment granted to him by his mother, Etta Work, the next of kin of Etta Work have no claim or interest in any of the property held by the Bankers Trust Company for Frederic Work's benefit at the time of his death, and none of it should be delivered or distributed to any of the next of kin of said Etta Work.

Thus to summarize: the Court finds that the last will and testament of Frederic Work incorporates his trust instrument signed by him June 22nd, 1925, and amended from time to time, and last amended June 27, 1945; that the said will of the said Frederic Work operates as a power of appointment granted to Frederic Work by Etta Work in the indenture signed by her on January 14th, 1914; that the disposition made by the power of appointment is subject to the laws of Ohio in effect at the time of the death of Frederic Work on August 28, 1945; that the exercise of the power of appointment extends to all the trust property held by the Bankers Trust Company of New York City, New York, for the benefit of Frederic Work at the date of his death; that the Bankers Trust Company is to deliver Frederic Work's share in the corpus of the Etta Work trust to the plaintiff as the testamentary trustee of the trust created by the said will of Frederic Work as amended, and that the said trust is to be a separate trust administered and distributed, however, pursuant to the terms of the trust instrument of Frederic Work of June 22, 1925, and amended thereafter, and that the next of kin of Frederic Work are entitled to none of the trust property held by the Bankers Trust Company for the benefit of Frederic Work at the time of his death unless, however, later on the vested remaindermen are divested by reason of the happening of certain contingencies set forth in the trust agreement of Frederic Work dated June

22, 1925, and thereafter amended, at which time, if at all, then the remainder of the share of Frederic Work in the corpus of the Etta Work trust would pass to the next of kin of Frederic Work under the Ohio laws of descent and distribution.

Journal entry to be prepared to conform to the Court's finding, saving exceptions to all parties.