KRAKOFF, ESTATE OF, IN RE.

Probate Court, Franklin County.

No. 199657. Decided July 26, 1961.

388

Mr. *William Wasserstrom*, for the Executrix.
Mr. *Richard T. Boehm*, for the Surviving Spouse.

WALCUTT, J. This case is before the Court on the application of Anna Krakoff, executrix of the estate of Abraham Krakoff, for a declaration of the rights of the estate in connection with the handling of joint and survivorship bank accounts, building and loan accounts and corporate stocks. The surviving spouse was named as the beneficiary of joint and survivorship bank accounts and corporate shares. She has disclaimed all her right, title and interest in the survivorship assets.

Abraham Krakoff died testate at Columbus, Ohio, on December 26, 1960, leaving his surviving spouse and four adult children all of whom have appeared by answer and have asked for a declaratory judgment by the Court. His will was duly admitted to probate on January 10, 1961; and on March 22, 1961 the surviving spouse elected to take under the statute of descent and distribution and against the last will and testament.

At his death the decedent was the owner of eight joint and survivorship savings accounts and one checking account on deposit with eight different financial institutions. He was the owner of joint and survivorship stock certificates issued by five different corporations. Anna Krakoff as the surviving joint tenant submitted to this Court her disclaimer of all her interest and has asked that the accounts and stocks disclaimed be ad-

ministered as probate property as fully as though no effective designation of survivorship had been provided by the decedent.

The Court is presented with the problem of determining the effect of a disclaimer of non probate property under Ohio law and to determine the path of devolution. The Court has no knowledge of an explicit precedent holding that at the death of a cotenant the surviving joint tenant can disclaim the benefit of the assets. There is available for guidance an impressive current of authority which has set the course in the direction of affirming virtually a full right to disclaim without particular concern as to whether the disclaimer deals with contract rights or with property ownership.

In the area of contract rights disclaimers have been sustained in a variety of situations. Generally, a third party beneficiary of a contract may renounce its benefits. In most situations, acceptance is usually presumed in the absence of some aspect of burden. *Rhorbacker* v. *Citizens Building Association,* 138 Ohio Ct., 273 and *Trimble* v. *Strother,* 25 Ohio St., 378.

Property doctrines contain equally well recognized rights in a donee of personal property to reject the gift. Stated in the ordinary language of the cases, acceptance of the gift is an element in its creation, but will be presumed if it is without burden. *Streeper* v. *Myers,* 132 Ohio St., 322; *McCoy* v. *Gosser,* 8 Ohio App., 145.

A similar rule applies as to real estate conveyances: For more than a century, Ohio courts have recognized that the grantee of a conveyance of real estate has full legal power to reject the grant of property. "It is a general rule that acceptance by the grantee is necessary to constitute a good delivery." *Lessee of John Mitchell* v. *Ryan,* 3 Ohio St., 377, and others. Since acceptance is necessary as an element, the same notion implies an inherent right to reject, renounce or disclaim. Thus a beneficial interest under a trust agreement may be disclaimed by the beneficiary.

The act of appointment by the donee of a power of appointment relates back to the original conveyance by the grantor. *Cleveland Trust Company* v. *McQuade,* 106 Ohio App., 237. Viewed this way, the act of appointment is dependent upon the terms of the original property grant. It is well established

that the grantee who has received property through the exercise of a power of appointment has the legal power to reject the grant.

The additional fact of death added to the fact pattern in a disclaimer of either contract rights or property interests makes only a partial difference depending upon the presence of testacy. Ohio statute particularly recognizes the right of a beneficiary to refuse a bequest of a legacy and prescribes the result that in the absence of a residuary clause in the will, the bequest or legacy shall descend as intestate property. Section 2113.60, Revised Code.

Even without the aid of this statute, renunciations of testamentary successions have been explicitly recognized in three extensive types of cases:

(1) Where the legacy is freighted with an obligation which the recipient is bound to assume, Ohio cases have repeatedly recognized that a legatee or devisee may refuse to accept property. An example lies where the legatee is charged with the duty to support another.

(2) Where the benefits of the legacy received might otherwise pass to creditors, notwithstanding that the result of the renunciation will be effective to deflect property to a close relative, the disclaimer is effective.

(3) When property can be effectively deflected to another by renunciation, it is immaterial that the motive is the hope that the tax collector will be thereby disappointed.

By contrast to the testacy rejection doctrine, an opposite line of cases has held that a beneficiary cannot reject rights conferred on him by operation of law. Where property has passed by intestacy, a disclaimer has been said not to be effective to deflect the property rights devolving by the statute of descent and distribution.

Ohio does not appear to have dealt with this intestacy distinction except inferentially when combined with a renunciation of testamentary succession.

The Court is not directly concerned in this case with either line of precedent; there is present no right of testate succession, nor is there involved any right created by operation of law under the statutes of descent and distribution. Each of

these are peculiar devices applicable to the law of devolution of property with its own special incidents.

This case does not involve survivorship doctrines as an aspect of property arrangements. If it did, at least as to real estate, it was long ago held that the common law joint estate with its accretive rights through survivorship did not survive the emigration to Ohio. Instead of property rights, we have here the benefits of lifetime contractual arrangements under a well established dichotomy of legal fundamentals.

Over the last half century, numerous strong Ohio decisions have staked out a pervasive doctrine which has recognized that obligations entered into between a decedent and a financial institution will be enforced in favor of a survivor where the decedent has plainly and unmistakenly indicated his intention to create contractually the incident of survivorship. *Cleveland Trust Company* v. *Scobie*, 114 Ohio St., 241; and, *Tax Commission* v. *Hutchison*, 120 Ohio St., 361. The early cases seem to have turned upon the existence of a contract between the decedent and the survivor; the financial institution seemed to occupy a position somewhat analogous to a stakeholder. But the necessity of a contractual undertaking between the depositor and the beneficiary has been relaxed. The courts now recognize the obligation of the financial institution entered into at the unilateral request of the decedent. *Rhorbacker* v. *Citizens Building Association, supra.* The theory of these cases turns upon the existence of a contract between the depositor and the financial institution; for that basic reason, the traditional elements of delivery in the law of gifts of property is not required. *Rhorbacker* v. *Citizens Building Association*, 138 Ohio St., 273.

When a deposit has been made Ohio recognizes that the title to the deposit has passed to the debtor who in turn has assumed a contractual relationship with the depositor; and this contractual undertaking eliminates the requirement of the property element of delivery of possession. *In re Estate of Copeland*, 74 Ohio App., 164. The arrangement is explicitly predicated upon application of a third party beneficiary theory drawn from the general law of contracts. Congruently the courts have adhered to well established property doctrine requiring delivery in order to effect inter vivos gift when there was no third party

relationship to satisfy the requirement of the passage of title.

The modern joint-survivorship bank account theory is predicated upon the explicit intent of the depositor as shown in a contractual undertaking entered into with the financial institution. This is just the opposite of a definitional result incident to the creation of a status which is drawn from and results from a traditional estate in property. If Ohio recognized the common law joint estate, possibly the right of accretion under this property doctrine which passed to the survivor would be comparable to the distribution right which vested by operation of law. Quite the opposite here, since the survivorship factor originated in a contractual undertaking, this is obviously more closely related to and should be analogized as being much the same as a succession created by a testament. In the case of property passing under a will, the testator directs his personal representative to distribute to his legatees; in this case, the owner directs the bank to pay money after death to a designated survivor.

Necessarily, since the only rights in the surviving spouse would have been created by the contractual undertaking of the decedent, this is opposed to rights which arise by operation of law. There is no property aspect to a joint and survivorship bank account in good standing based upon contract which would subject it to treatment under the general probate law of intestate descent. *Oleff* v. *Hodapp*, 129 Ohio St., 432. The right of the surviving joint tenant is plainly vested under the contract theory and not under property law. Since the renunciation is effective to reject the interest of the surviving beneficiary under Ohio law the renunciation disclaims the title ab initio. Forthwith the right to the benefit passed at the date of decedent's passing to the next succeeding interest effective at the first instant.

Since the survivorship designations were not effective by reason of disclaimer, the property was probate assets ab initio subject to the control of the executor for administration. In situations where the right of survivorship was not sufficiently well established by adequate evidence of intention, the property was an asset of the estate. *Bauman* v. *Walter*, 160 Ohio St., 273. To the same effect, if a contract is not performed for

the benefit of the beneficiary, the values revert to the promisee. Similarly as to third party beneficiary of contract rights, where the named beneficiary in an insurance policy has no remaining right to recover the proceeds of the policy, the insurer is not thereby relieved of liability but must pay the proceeds of the contract to the insured's estate. *Polish National Alliance* v. *Cromley*, 38 Ohio App., 327. Consistently, where a power to appoint lapses, it passes to other successors named in the will, *Cleveland Trust Company* v. *McQuade*, 106 Ohio App., 237; or, if no other provisions are effective, it passes to the heirs. *First Central Trust Company* v. *Claflin*, 49 Ohio Law Abs., 29.

The Court accordingly holds that the joint and survivorship arrangements created by contract in this situation may properly be made the subject of disclaimer and therefore concludes that the bank accounts and stock are the property of the estate and are subject to administration as fully as though no language of survivorship had been provided in the first instance.